UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| CHAD R. BALDWIN, | ) | |
| | ) | |
| Appellant/Creditor, | ) | |
| | ) | |
| v. | ) | 3:19-CV-1093-PPS |
| | ) | |
| TODD DELRAE ZIMMERMAN, | ) | |
| | ) | |
| Appellee/Debtor. | ) | |

**OPINION AND ORDER**

Baldwin, pro se, filed a notice of appeal from bankruptcy ruling DE 272 in Bankruptcy Case No. 10-34224-hcd.

Bankruptcy Rule 8002(a) states that "a notice of appeal *must be filed* with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a)(1) (emphasis added). Baldwin specifies that he is appealing the bankruptcy court's order dated October 24, 2019, which denied his motion for perjury sanctions. [DE 1; DE 272 in Bank. Case No. 10-34224.] However, he filed the notice of appeal with the bankruptcy court on November 25, 2019 [DE 289 in Bank. Case No. 10-34224].

"[T]he failure to file a timely notice of appeal [in accordance with the time limits in Rule 8002] strips the district court of jurisdiction to hear the appeal." *In re Sobczak-Slomczewski*, 826 F.3d 429, 432 (7th Cir. 2016). This requirement is jurisdictional and I cannot ignore it. *See Ivers v. Ciena Capital LLC*, No. 15-cv-7993, 2016 WL 1562943, at *3 (S.D.N.Y. Apr. 15, 2016) (noting "no Federal Rule of Bankruptcy Procedure or court

decision allows the Court to overlook Appellant's failure to [timely] file his notices of appeal"); *In the Matter of Maurice*, 69 F.3d 830, 832 (7th Cir. 1995) (an untimely-filed notice of appeal is "jurisdictionally late" and puts the challenged bankruptcy order "outside the district judge's power of review").

The record is clear in this case that Baldwin failed to file his notice of appeal within the requisite 14 days. Therefore, I lack jurisdiction and must dismiss this appeal. ACCORDINGLY, this appeal is DISMISSED.

**SO ORDERED.**

ENTERED: July 15, 2020.

 s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT